**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ROJAS, | : | |
| | : | |
| Appellant | : | No. 286 EDA 2018 |

Appeal from the Judgment of Sentence September 18, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013142-2013
CP-51-CR-0013145-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JUNE 25, 2019**

Michael Rojas (Appellant) appeals *nunc pro tunc* from his judgment of sentence imposed on September 18, 2015, after pleading guilty to numerous charges related to shooting three people in Philadelphia.   In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts of this case as follows.

> On September 1, 2013, Appellant was at a family gathering on the 700 block of Russell Street in Philadelphia, when he and one of the guests got into an argument.  Appellant pulled out a handgun and began shooting into the air.  Maurine Cancel, Appellant's cousin, approached [] Appellant and asked, "What are

---

* Retired Senior Judge assigned to the Superior Court.

you doing? My kids are around and there are kids in this neighborhood and why are you shooting the gun in the air?" Appellant briefly stopped firing the gun but started shooting again a few minutes later. As Appellant was shooting, he struck Victor Lopez, Ms. Cancel's husband, four times in the chest and abdomen. Odalys Melendez, the second victim and Appellant's girlfriend at the time, was shot in the left arm. The third victim, Appellant's uncle, Gilberto Hernandez, was shot in his left hand.

Appellant was not arrested until September 11, 2013. At the time of his arrest, Appellant was in possession of a firearm. A cross-check was done on the fired cartridge casings recovered from the 700 block of Russell Street. It was later determined that the firearm in Appellant's possession at the time of his arrest was the same firearm that was discharged at the 700 block of Russell Street shooting on September 1, 2013.

Trial Court Opinion, 6/19/2018, at 2 (citations to notes of testimony omitted).

Appellant was charged at three separate docket numbers with numerous charges related to the aforementioned incident. On July 14, 2015, Appellant entered into an open guilty plea to certain charges at all three docket numbers.[1] On September 18, 2015, Appellant was sentenced to an aggregate term of 20 to 40 years of incarceration to be followed by 15 years of probation.

On October 5, 2015, Appellant *pro se* filed a motion to withdraw his guilty plea, and on October 29, 2015, Appellant filed a motion for appointment of counsel. No action was taken on Appellant's motion for appointment of counsel, and on March 9, 2016, the clerk of courts entered an order denying by operation of law Appellant's motion to withdraw his guilty plea.

---

[1] Appellant pleaded guilty to possessing a firearm with the manufacturer's number altered (CP-51-CR-0013142-2013), aggravated assault with respect to Hernandez (CP-51-CR-0013144-2013), and carrying a firearm without a license and attempted murder with respect to Lopez (CP-51-CR-0013145-2013).

On August 26, 2016, Appellant *pro se* filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed, and on March 12, 2017, counsel filed an amended petition requesting the reinstatement of Appellant's right to file post-sentence motions and direct appeal *nunc pro tunc*. On January 19, 2018, the PCRA court granted in part and denied in part Appellant's PCRA petition. Specifically, the PCRA court permitted Appellant to file a direct appeal *nunc pro tunc*, but denied Appellant the right to file a post-sentence motion.[2]

Appellant timely filed a notice of appeal.[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal, and counsel for Appellant filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). The trial court filed a responsive opinion.

On appeal, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any

---

[2] This order is not included in the certified record; however, the text appears on the docket sheet.

[3] This appeal was filed prior to the Supreme Court's June 1, 2018 decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that this Court must quash an appeal where a single order disposes of multiple cases and an appellant has filed only one notice of appeal instead of separate notices of appeal for each case).

- 3 -

other issues necessary for the effective appellate presentation thereof….

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the Anders

procedure:

[I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

Anders brief, we conclude that counsel has complied substantially with the

technical requirements set forth above.[4]  Therefore, we now have the responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

On appeal, counsel presents two questions which arguably support Appellant's appeal: 1) whether "the sentence imposed upon [Appellant] by the [trial] court [was] manifestly excessive," and 2) whether Appellant should "be permitted to withdraw his guilty plea." **Anders** Brief at 6.

Appellant's first claim involves a challenge to the discretionary aspects of his sentence, and we bear in mind the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

---

[4] Appellant has not filed a response to counsel's petition.  In addition, despite being granted an extension of time to do so, the Commonwealth has not filed a brief on appeal.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely a filed notice of appeal. However, our review of the record reveals that Appellant did not properly preserve this issue at sentencing or by filing a post-sentence motion.[5] Accordingly, Appellant has not preserved this issue for our review. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

Based upon the foregoing, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Thus, Appellant is not entitled to relief.

We now turn to Appellant's second issue regarding the validity of his guilty plea. As with a challenge to the discretionary aspects of his sentence, Appellant was required to file a motion to withdraw his guilty plea within ten days after his judgment of sentence was imposed. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to

---

[5] In his amended PCRA petition, counsel specifically requested that the PCRA court permit him to file a post-sentence motion, but the PCRA court denied that request.

challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.").

Because Appellant's judgment of sentence was imposed on September 18, 2015, he had until September 28, 2015, to file timely a post-sentence motion. Here, Appellant filed *pro se* a motion to withdraw his guilty plea on October 5, 2018,[6] which was one week late.[7] Because Appellant did not timely file a post-sentence motion challenging the validity of his guilty plea, he has

_____

[6] Appellant dated his *pro se* motion September 30, 2015. Thus, even if we were to conclude that this date was sufficient to establish the date Appellant delivered this motion to prison authorities under the prisoner-mailbox rule, Appellant's motion was still two days late. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (holding that a document is deemed to be filed on the date an incarcerated prisoner deposits the document with prison authorities or places it in the prison mailbox).

[7] At the time Appellant filed this post-sentence motion, he appears to have still been represented by counsel. To the extent Appellant was still represented by counsel at this juncture, this late-filed motion was a nullity. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (pointing out that a defendant has "no right to file a *pro se* motion" where "he [or she] was represented by counsel" and any *pro se* post-sentence motion that was filed was a "nullity"). Accordingly, the clerk of courts should have forwarded this motion to counsel pursuant to Pa.R.Crim.P. 576(A)(4) ("In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt."). It is not clear whether the clerk of courts complied with this mandate. In any event, at that juncture, even if the clerk of courts did comply, the procedure for reinstatement of Appellant's right to file a post-sentence motion was to file timely a PCRA petition. Appellant did that on August 26, 2016.

waived this issue for our review, and we agree with counsel that it is frivolous. *Commonwealth v. Kinney*, 157 A.3d 968 (Pa. Super. 2017) (holding challenges to plea agreement are waived on appeal where Kinney failed to file a post-sentence motion); *Kalichak*, *supra*.

Moreover, we have conducted "a simple review of the record" and have found no "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19